Case 4:23-cv-02543   Document 1-4   Filed on 07/11/23 in TXSD   Page 1 of 8

7/9/2023 9:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77329694
By: Rhonda Momon
Filed: 7/10/2023 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| JAIME SAUL LOPEZ INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF BRAYAN RUBI LOPEZ AGUILAR; OSCAR BENITEZ; ALEX LORENZO PEREZ; JOSUE BENITEZ; NERY LOPEZ GOMEZ; And JOEL BENITEZ | § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | | HARRIS COUNTY, TEXAS |
| v. | | |
| LENNAR HOMES OF TEXAS LAND AND CONSTRUCTION, LTD and LENNAR CORPORATION | | |
| *Defendant.* | | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Jaime Saul Lopez Individually and As Personal Representative of Brayan Rubi Lopez Aguilar; Oscar Benitez; Alex Lorenzo Perez; Josue Benitez; Nery Lopez Gomez; and Joel Benitez, ("Plaintiff"), brings this action complaining of Lennar Homes of Texas Land and Construction, LTD and Lennar Corporation. ("Defendants") and would respectively show the Court the following:

### I.
### JURISDICTION AND VENUE

1.  This is a claim for wrongful death under Texas common law and Chapter 71 of the Texas Civil Practice and Remedies Code.

2.  The Court has jurisdiction and venue is proper in Harris County because Lennar Homes of Texas Land and Construction, LTD is a Texas partnership and holds their principal place of business in Harris County, Texas. Tex. Civ. Prac. & Rem Code § 15.002(a)

1

App-04

3.   This claim is not removeable because one or more Defendant is a resident of the State of Texas, in accordance with 28 U.S.C. § 1441(b).

## II.
### DISCOVERY LEVEL

4.   Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## III.
### PARTIES

5.   Plaintiff Jaime Saul Lopez is a resident of the State of Texas.

6.   Decedent Plaintiff Brayan Lopez Aguilar was a resident of the State of Texas at the time of his death.

7.   Plaintiff Oscar Benitez is a resident of the State of Texas.

8.   Plaintiff Alex Lorenzo Perez is a resident of the State of Texas.

9.   Plaintiff Josue Benitez is a resident of the State of Texas.

10.  Plaintiff Nery Lopez Gomez is a resident of the State of Texas.

11.  Plaintiff Joel Benitez is a resident of the State of Texas.

12.  Defendant Lennar Homes of Texas Land and Construction, LTD. ("Defendant Lennar Texas") is a domestic partnership headquartered in Harris County, Texas. It may be served via its registered agent, Corporate Creations Network, Inc. at 5444 Westheimer #1000, Houston, Texas 77056.

13.  Defendant Lennar Corporation. ("Defendant Lennar") is a foreign corporation headquartered in Miami, Florida. It may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.
### FACTS

14. On or about May 23, 2023, Plaintiffs Brayan Rubi Lopez Aguilar, Oscar Benitez, Alex Lorenzo Perez, Josue Benitez, Nery Lopez Gomez, and Joel Benitez, were severely injured while working for Defendant's in Conroe, Texas. On the day of the incident, Plaintiffs were severely injured when the home in which they were working on the construction and erection of collapsed, killing Mr. Brayan Rubi Lopez Aguilar and severely injuring many others. As a direct and proximate result of the Defendants' conduct, the home collapsed at the jobsite causing all the Plaintiffs to suffer bodily injury and develop post-traumatic stress disorder ("PTSD").

15. In addition, Mr. Benitez injured his arm, neck, back, and other parts of his body; Mr. Lorenzo Perez injured his neck, back, and other parts of his body; Mr. Josue Benitez injured his neck, back, and other parts of his body; Mr. Nery Lopez Gomez injured his hip, shoulder, ribs, and other parts of his body; Mr. Joel Benitez injured his chest, head, and other parts of his body.

16. Defendants owned, operated, and maintained the location in which this incident occurred.

## V.
### CAUSES OF ACTION

**A.  Negligence, Negligence *Per Se*, and Gross Negligence—All Defendants**

17. Plaintiff's injuries are a direct and proximate result of Defendants' negligence, negligence *per se*, and gross negligence.

18. The Defendant was negligent, negligent *per se*, and grossly negligent for the following reasons:

    a.  Failing to maintain the premises in a reasonable and safe condition;

    b.  Failing to take adequate precaution and adequately plan the;

    c.  Failing to remedy a known, dangerous condition;

    d.    Failing to provide adequate safety measures;

    e.    Failing to give adequate warnings to the Plaintiffs of an unsafe condition(s);

    f.    Failing to adequately mark a dangerous condition(s);

    g.    Failing to adequately maintain the premises;

    h.    Failing to take appropriate and reasonable action to protect the Plaintiffs;

    i.    Creating a dangerous condition;

    j.    Failing to timely and appropriately remedy a dangerous condition;

    k.    Vicariously liability for the acts and/or omissions of their employees;

    l.    Failing to hire, manage, train, and supervise competent employees

    m.    Failure to properly train its employees;

    n.    Failure to supervise its employees;

    o.    vicariously liable for its employees' gross negligence; and

    p.    other acts deemed negligent, negligent *per se*, and grossly negligent.

19.    These acts or omissions which, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk (considering the probability and magnitude of the potential harm to others) and of which Defendants had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## VI.
## DAMAGES

13.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Decedent Plaintiff Brayan Lopez Aguilar, was caused to suffer severe personal injuries, bodily injury, pain, suffering, mental anguish and death. Plaintiffs pray for relief and judgment as follows:

    a.    Wrongful Death

14. Plaintiffs repeat and reallege each allegation contained above.

15. As a wrongful death beneficiary, Plaintiff Jaime Saul Lopez Individually and As Personal Representative of Brayan Rubi Lopez Aguilar seeks to recover the following elements of damages resulting from the death of Brayan Rubi Lopez Aguilar:

- • Pecuniary loss in the past and future, including but not limited to the loss of care, maintenance, guidance, nurture, support, services, advice, counsel, inheritance, and reasonable contributions of pecuniary value;

- • Loss of companionship and society in the past and future, including but not limited to the loss of the positive benefits flowing from the love, comfort, companionship, and society that would have been received from Robert Hanna, had he lived;

- • Mental anguish in the past and future, including but not limited to the emotional pain, torment, and suffering experienced in the past, and to be experienced in the future, because of the death of Robert Hanna; and

- • Any other forms of damages available to wrongful death beneficiaries.

b. Survival Action.

16. Plaintiffs repeats and realleges each allegation contained above.

17. As the personal representative of the Estate of Brayan Rubi Lopez Aguilar, Plaintiff seeks to recover the following elements of wrongful death and survival damages:

- • Past and future pain and mental anguish, including the conscious physical pain and emotional pain, torment, and suffering experienced by Mr. Lopez Aguilar before his death;

- • Medical expenses; and

- • Funeral and burial expenses.

- • All other damages entitled to by law.

18. In addition, the actions above constitute gross negligence under Texas law and Plaintiffs are entitled to an award of exemplary damages.

19. Plaintiffs repeat and reallege each allegation contained above.

5

App-08

20. As a result of said occurrences, Plaintiffs Oscar Benitez; Alex Lorenzo Perez; Josue Benitez; Nery Lopez Gomez; and Joel Benitez sustained severe injuries to their body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs have sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiffs have also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

15. Plaintiffs' damages exceed the amount necessary for a jury and therefore Plaintiffs demands a trial by jury.

15. WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer this petition and that after due proceedings be had, that there be judgment entered herein as follows:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Past and future maintenance and cure;
- Exemplary damages consistent with federal law;
- Costs of Court;
- Pre- and Post-Judgment interest.

16. In accordance with TEX. R. CIV. P. 47, Plaintiffs hereby state they seek monetary relief in excess for $1,000,000.00.

6

App-09

## VII.
## JURY TRIAL

17. The Plaintiffs demand a trial by jury on all claims.

## VIII.
## PRAYER

18. The Plaintiffs pray that this citation issue and be served upon the Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, the Plaintiffs have judgment against the Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court for all damages allowable under the law, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which the Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Jason A. Itkin
State Bar No. 24032461
Noah M. Wexler
State Bar No. 24060816
Trevor M. Courtney
State Bar No. 24125599
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
nwexler@arnolditkin.com
tcourtney@arnolditkin.com
e-service@arnolditkin.com
NoahTeam@arnolditkin.com

*Attorney for Plaintiffs*

7

App-010

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Narissa Espinal on behalf of Noah Wexler
Bar No. 24060816
nespinal@arnolditkin.com
Envelope ID: 77329694
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 7/10/2023 8:29 AM CST

Associated Case Party: JAIME SAUL LOPEZ INDIVIDUALLY AND AS AND AS PERSONAL REPRESENTATIVE OF BRAYAN RUBI LOPEZ AGUILAR

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Narissa Espinal | | nespinal@arnolditkin.com | 7/9/2023 9:07:33 PM | SENT |
| Jason Itkin | | e-service@arnolditkin.com | 7/9/2023 9:07:33 PM | SENT |
| Trevor M. Courtney | | tcourtney@arnolditkin.com | 7/9/2023 9:07:33 PM | SENT |
| Noah Wexler | | nwexler@arnolditkin.com | 7/9/2023 9:07:33 PM | SENT |

App-011